Louis Pechman, Esq.
Pechman Law Group PLLC
488 Madison Avenue - 11th Floor
New York, New York 10022
(212) 583-9500
pechman@pechmanlaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MIGUEL MARTINEZ,                                          :
                                                          :
                          Plaintiff,                      :
                                                          :
           -against-                                      :    **COMPLAINT**
                                                          :
AKN FABRICS INC., d/b/a AKN FABRICS, and                  :
ANAND KUMAR NAIR,                                         :
                          Defendants.                     :
------------------------------------------------------------------X

Plaintiff Miguel Martinez ("plaintiff" or "Martinez"), by his attorneys Pechman Law Group PLLC, complaining of defendants AKN Fabrics Inc. d/b/a AKN Fabrics, and Anand Kumar Nair (collectively, "defendants"), alleges:

### NATURE OF THE ACTION

1. This action is brought to recover unpaid overtime wages and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and New York Labor Law § 190, *et seq.* ("NYLL").

2. AKN Fabrics is a retail and wholesale distributor of high quality West African fabrics and textiles.

3. AKN Fabrics maintains a retail store in Manhattan and employs sales associates, stockers, and packers for shipments.

4. AKN Fabrics failed to pay plaintiff, who worked as a stocker and packer, premium overtime compensation for all hours worked in excess of 40 hours per workweek.

5. AKN Fabrics failed to furnish Martinez with wage notices and weekly wage statements.

6. Martinez seeks injunctive and declaratory relief against defendants' unlawful actions, compensation for unpaid overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA and NYLL.

## JURISDICTION

7. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiff's claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

8. Venue is proper in the Southern District of New York under 28 U.S.C. § 1391, as AKN Fabrics Inc. is located in the Southern District of New York.

## THE PARTIES

**Plaintiff**

9. Miguel Martinez resides in New York, New York.

10. Martinez was employed at AKN Fabrics from, in or about, 2009 to March 2016 as a stocker and then a packer.

**Defendants**

11. Defendant AKN Fabrics Inc. owns and operates AKN Fabrics, a fabric and textile store located at 1239 Broadway, Suite #507, New York, New York 10001.

12. The store is open seven days per week from 9:30 a.m. to 7:00 p.m.

13. AKN Fabrics Inc. is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

14. AKN Fabrics Inc. has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

15. AKN Fabrics Inc. has an annual gross volume of sales in excess of $500,000.

16. Defendant Anand Kumar Nair ("Kumar") is an owner of AKN Fabrics Inc.

17. Kumar exercises sufficient control over AKN Fabrics Inc. operations to be considered plaintiff's employer under the FLSA and NYLL.

18. Kumar has the authority to hire and fire employees of AKN Fabrics Inc., set wages, and establish and exercise authority regarding the managerial and administrative practices at AKN Fabrics.

19. Kumar is regularly present in the store to supervise the staff and directed and assigned plaintiff's daily work duties and assignments, gave plaintiff pay raises, and set plaintiff's work schedule.

## FACTUAL ALLEGATIONS

20. Throughout his employment, defendants did not pay Martinez overtime compensation.

21. Throughout his employment, Martinez worked Monday to Saturday from 10:30 a.m. to between 6:30 p.m. and 7:00.

22. Throughout his employment, Martinez worked a total of approximately between forty-eight and fifty-one hours per week

23. Throughout his employment, defendants paid Martinez a fixed weekly salary, regardless of the number of hours he actually worked.

24. In 2009, defendants paid Martinez a weekly salary of $300 in cash.

25. In or about 2010, defendants paid Martinez $320 per week in cash.

26. In or about July 2010, defendants paid Martinez $380 per week in cash.

27. In or about 2011, defendants paid Martinez $400.00 per week in cash.

28. In or about 2012, defendants paid Martinez $420.00 per week in cash.

29. In or about 2013, defendants paid Martinez $460.00 per week in cash.

30. In or about July 2013, defendants paid Martinez $480 per week in cash.

31. In or about 2014 to 2015, defendants paid Martinez $500 per week in cash.

32. In 2016, defendants paid Martinez $550 per week in cash.

33. Defendants never compensated Martinez with the appropriate overtime wages as required by the FLSA and the NYLL for hours worked in excess of forty per workweek.

34. Defendants failed to furnish plaintiff with wage notices at the time of hire and whenever there was a change to plaintiff's rate of pay.

35. Defendants paid plaintiff his wages in cash and failed to furnish accurate wage statements with his weekly pay.

## FIRST CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

36. Plaintiff repeats and re-alleges all forgoing paragraphs as if set forth herein.

37. Defendants were required to pay plaintiff one and one-half (1½) times his regular rate of pay for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions of 29 U.S.C. § 207, et seq.

38. Defendants failed to pay plaintiff the overtime wages to which plaintiff was entitled under the FLSA.

39. Defendants willfully violated the FLSA by knowingly and intentionally failing to pay plaintiff overtime wages.

40. Due to defendants' violations of the FLSA, plaintiff is entitled to recover his unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## SECOND CLAIM
### (New York Labor Law – Unpaid Overtime)

41. Plaintiff repeats and re-alleges all forgoing paragraphs as if set forth herein.

42. Under the NYLL and supporting New York State Department of Labor Regulations, defendants were required to pay plaintiff one and one half (1½) times the regular rate of pay for all hours plaintiff worked in excess of forty.

43. Defendants failed to pay plaintiff the overtime wages to which plaintiff was entitled under the NYLL.

44. Defendants willfully violated the NYLL by knowingly and intentionally failing to pay plaintiff overtime wages.

45. Due to defendants' willful violations of the NYLL, plaintiff is entitled to recover his unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## THIRD CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Annual Wage Notices)

46. Plaintiff repeats and re-alleges all forgoing paragraphs as if set forth herein.

47. The NYLL and Wage Theft Prevention Act ("WTPA"), as well as the NYLL's interpretative regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

48. In violation of NYLL § 191, defendants failed to furnish plaintiff, at the time of hiring or whenever there was a change to his rate of pay, with wage notices containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer, and anything otherwise required by law; in violation of the NYLL § 195(1).

49. Due to defendants' violation of NYLL § 195(1), plaintiff is entitled to recover from defendants liquidated damages of $50 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-b).

## FOURTH CLAIM
### (NYLL Wage Theft Prevention Act – Failure to Provide Wage Statements)

50. Plaintiff repeats and re-alleges all foregoing paragraphs as if set forth herein.

51. The NYLL and WTPA require employers to provide employees with an accurate wage statement each time they are paid.

52. Throughout plaintiff's employment with defendants, defendants paid plaintiff without providing a wage statement at the end of every pay period accurately listing, *inter alia*: the overtime rate or rates of pay; the number of regular and overtime hours worked per pay period; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages.

53. Defendants failed to furnish plaintiff with each payment of wages an accurate statement listing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages, in violation of the NYLL § 195(3).

54. Due to defendants' violation of NYLL § 195(3), plaintiff is entitled to recover from defendants liquidated damages of $250 per workday that the violation occurred, up to a maximum of $5,000, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff, respectfully requests that this Court enter a judgment:

a. declaring that defendants have violated the overtime wage provisions of the FLSA and the NYLL;

b. declaring that defendants violated the notice and record keeping provisions of the NYLL and WTPA;

c. declaring that defendants' violations of the FLSA and NYLL were willful;

d. awarding plaintiff unpaid overtime wages;

e. awarding plaintiff liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and to the NYLL;

f. awarding plaintiff liquidated damages as a result of defendants' failure to furnish accurate wage statements and annual notices pursuant to the NYLL;

7

      g.    awarding plaintiff pre- and post-judgment interest under the NYLL;

      h.    awarding plaintiff's reasonable attorneys' fees and costs pursuant to the FLSA and the NYLL; and

      i.    awarding such other and further relief as the Court deems just and proper.

Dated:    New York, New York  
             June 7, 2016

PECHMAN LAW GROUP PLLC

By: _____  
Louis Pechman  
Vivianna Morales  
488 Madison Avenue - 11th Floor  
New York, New York 10022  
(212) 583-9500  
pechman@pechmanlaw.com  
morales@pechmanlaw.com  
*Attorneys for Plaintiff*