USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/11/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X
                                     :
MIGUEL MARTINEZ,
                                     :
               Plaintiff,
                                     :   16 Civ. 4242 (HBP)
   -against-
                                     :   OPINION
AKN FABRICS INC. d/b/a AKN,         AND ORDER
FABRICS and ANAND KUMAR NAIR,  :
               Defendants.  :
-----------------------------------X

        PITMAN, United States Magistrate Judge:

        This matter is before me on the parties' joint application to approve their settlement. The parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

        Plaintiff formerly worked for defendants and seeks, by this action, to recover allegedly unpaid overtime premium pay. The action is brought under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL") §§ 190 et seq. Plaintiff also asserts claims based on defendants' alleged failure to provide wage statements and notices as required by the NYLL.

        Plaintiff alleges that he worked as a stocker and packer at defendants' fabric and textile store from 2009 until

March 2016.  Plaintiff alleges that although he regularly worked over forty hours per week, he was paid a set fixed salary and that defendants did not compensate him at a premium overtime rate for hours worked in excess of forty hours per week.  Accordingly, plaintiff initially claimed that he is owed $142,355.35 in unpaid overtime premium pay, liquidated damages, statutory damages and attorneys' fees.

Defendants deny most of plaintiff's allegations.  They contend that plaintiff did not start working for defendants until 2012 and that plaintiff worked less overtime than plaintiff alleges in his Complaint and damages calculations.  In support of their arguments, defendants offer records that purport to show the dates and number of hours that plaintiff actually worked.  They also argue that plaintiff took meal breaks that should be deducted from his total hours.  In recognition of the potential accuracy of defendants' records, plaintiff reduced his demand to $95,000.00 in unpaid overtime premium pay, liquidated damages, statutory damages and attorneys' fees.

I held a lengthy settlement conference with counsel and the parties on October 3, 2017 that was attended by the parties and their counsel.  After a protracted discussion of the strengths and weaknesses of the parties' respective positions, the parties agreed to resolve the dispute for a total settlement

of $52,000.00. The parties put the following terms on the record in open court: (1) defendants shall pay plaintiff $15,000 within ten business days of the issuance of the Order approving the settlement, (2) defendants shall thereafter pay plaintiff $3,083.33 every thirty days in twelve installment payments and (3) the installment payments shall be secured by a confession of judgment signed by each of the defendants. If defendants miss a payment, plaintiff shall provide defendants with notice and an opportunity to cure. If defendants fail to cure the default, they will both be immediately responsible for the entire remaining judgment and a $20,000 penalty. The parties also noted on the record that the $52,000 settlement will be distributed between plaintiff and his counsel as follows: $1,800.00 of the settlement amount will be allocated to reimburse plaintiff's counsel for their out-of-pocket costs, $16,738.66 of the remaining $50,200.00 will be paid to plaintiff's counsel as a one-third contingency fee and the balance will be paid to plaintiff.[1]

---

[1] I note that, by my calculation, a one-third contingency fee would provide plaintiff's counsel with $17,331.60 in fees plus $1,800 in costs, for a total of $19,131.16. The numbers noted in the text that total $18,538.66 payable to counsel were calculated by counsel on the record and appear to be based on a mathematical error. As discussed below, I approve a one-third contingency fee and if necessary, the parties may alter the numbers in the settlement agreement to accurately reflect the agreement between plaintiff and his counsel.

3

> Court approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. KeyBank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1353-54. The presumption of fairness in this case is bolstered by the caliber of the parties' attorneys. Based upon their pre-conference submissions and their performance at the settlement conference, it is clear to me that all parties are represented by counsel who are knowledgeable regarding all issues in the case and who are

4

well suited to assess the risks of litigation and the benefits of the proposed settlement.

In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(Internal quotation marks omitted). The settlement here satisfies these criteria.

First, after deduction of attorneys' fees and costs, the net settlement represents approximately 37% of plaintiff's estimated total damages. Given the risks of litigation, as discussed in more detail below, the settlement amount is reasonable.

Second, the settlement will entirely avoid the burden, expense and aggravation of litigation. Although the discovery deadline has passed, defendants have indicated that they may move

5

to re-open discovery to take additional depositions related to the number of years plaintiff worked for defendant. Thus, if the case were to proceed, additional discovery may be needed in order for the parties to prepare for trial. Settlement avoids the necessity of conducting additional discovery and preparing for a trial.

Third, the settlement will enable plaintiff to avoid the risks of litigation. As noted above, defendants kept some records of the hours plaintiff worked. Plaintiff, therefore, faces the risk that a fact finder may credit defendants' documentary evidence. Thus, whether and how much he would recover at trial is far from certain. See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the many uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means

6

sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted)).

Fourth, because I presided over the settlement conference that lead to the settlement, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud. The settlement was reached after a mediation before the Court, further negating the possibility of fraud or collusion.

The parties indicated that the settlement agreement will contain an exchange of general releases. Releases are permissible so long as they are limited to the wage-and-hour issues or the claims at issue in this action. Boyle v. Robert M. Spano Plumbing & Heating, Inc., 15 Civ. 2899 (KMK), 2016 WL 1688014 at *3 (S.D.N.Y. Apr. 27, 2016) (Karas, D.J.); Ocasio v. Big Apple Sanitation, Inc., No. 13 CV 04758 (CBA)(LB), 2016 WL 5376241 at *2 (E.D.N.Y. Mar. 16, 2016) (Report & Recommendation), adopted by, 2016 WL 5390123 (E.D.N.Y. Sept. 26, 2016); Martinez v. Gulluoglu LLC, 15 Civ. 2727 (PAE), 2016 WL 206474 at *2 (S.D.N.Y. Jan. 15, 2016) (Engelmayer, D.J.).

sacrificing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted)).

Fourth, because I presided over the settlement conference that lead to the settlement, I know that the settlement is the product of arm's-length bargaining between experienced counsel. Both counsel represented their clients zealously at the settlement conference.

Fifth, there are no factors here that suggest the existence of fraud. The settlement was reached after a mediation before the Court, further negating the possibility of fraud or collusion.

The parties indicated that the settlement agreement will contain an exchange of general releases. Releases are permissible so long as they are limited to the wage-and-hour issues or the claims at issue in this action. Boyle v. Robert M. Spano Plumbing & Heating, Inc., 15 Civ. 2899 (KMK), 2016 WL 1688014 at *3 (S.D.N.Y. Apr. 27, 2016) (Karas, D.J.); Ocasio v. Big Apple Sanitation, Inc., No. 13 CV 04758 (CBA)(LB), 2016 WL 5376241 at *2 (E.D.N.Y. Mar. 16, 2016) (Report & Recommendation), adopted by, 2016 WL 5390123 (E.D.N.Y. Sept. 26, 2016); Martinez v. Gulluoglu LLC, 15 Civ. 2727 (PAE), 2016 WL 206474 at *2 (S.D.N.Y. Jan. 15, 2016) (Engelmayer, D.J.).

The parties also indicated that the settlement agreement will not contain a confidentiality clause or a clause prohibiting plaintiff from assisting in any action against defendants, neither of which could be included in a valid FLSA settlement agreement. See Geskina v. Admore Air Conditioning Corp., 16 Civ. 3096 (HBP), 2017 WL 1162910 at *2 (S.D.N.Y. Mar. 28, 2017) (Pitman, M.J.); Zapata v. Bedoya, No. 14-CV-4114 (SIL), 2016 WL 4991594 at *2 (E.D.N.Y. Sept. 13, 2016).

Finally, as noted above, the settlement agreement will provide that, after deduction of out-of-pocket costs, approximately 33% of the total settlement amount will be paid to plaintiff's counsel as a contingency fee. Contingency fees of one-third in FLSA cases are routinely approved in this circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL 5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013)

(approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.Y. June 22, 2012) (Freeman, M.J.). Therefore, the contingency fee is reasonable.

Accordingly, for all the foregoing reasons, I approve the settlement in this matter. In light of the settlement, the action is dismissed with prejudice and without costs. The Court shall retain jurisdiction to enforce the settlement agreement. See Hendrickson v. United States, 791 F.3d 354, 358 (2d Cir.

2015). The Clerk of the Court is respectfully requested to mark this matter closed.

Dated: New York, New York
October 11, 2017

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel of Record